UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE HAMILTON,

        Plaintiff,

        v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

        Defendant.

No. C06-5174RBL

ORDER GRANTING
MOTION TO REMAND

       This matter is before the court on Plaintiff's Motion to Remand this matter to the Clark County Superior Court. The underlying case is a dispute between an insured homeowner (Plaintiff Hamilton) and her insurer (Defendant Liberty Mutual). She filed suit in superior court, seeking to recover under her policy for damages allegedly suffered to her home. According to Hamilton, the estimate to repair the damage was $70,000.00. She also claims that, prior to the commencement of this action, Liberty Mutual paid approximately $27,000[1] toward those repairs. Liberty Mutual does not dispute either allegation.

       Liberty Mutual removed the case to this court on the ground that the amount in controversy – $70,000.00 plus the attorneys' fees sought by Hamilton – exceeded the $75,000.00 jurisdictional threshold

---

[1] Apparently, it is Liberty Mutual's position that this amount represents the limit of its liability on its policy.

ORDER    1

for diversity jurisdiction under 28 U.S.C. §1332.  Hamilton seeks remand, arguing that the amount in controversy is far less – she claims only the difference between the cost of the repairs ($70,000) and what Liberty Mutual has paid toward them under its policy ($27,000.00), or approximately $42,000.00, plus fees.

Liberty Mutual argues that the amount in controversy threshold is met, because the amount of damages is $70,000.00.  Plaintiff seeks attorneys fees under *Olympic Steamship* on top of this amount.  Liberty Mutual claims that the relevant "amount in controversy" is that total amount of damages, $70,000, and that Plaintiff's calculation of the "*net* amount" in controversy is not relevant to the threshold determination.  In other words, Liberty Mutual argues that the amount it paid prior to litigation should not be deducted from the total loss originally claimed by plaintiff for purposes of evaluating the court's jurisdiction.

This position does not make sense, legally or logically, under the facts of this case.  It is true that the amount in controversy is determined with reference to the plaintiffs' Complaint (and, if necessary, to other evidence), without regard to the validity of any defenses or the viability of any claimed credits or set-offs.  *See*, for example, *Miera v. Dairyland Insurance Co.*, 143 F.3d 1337 (9th Cir. 1998).  But the Plaintiff does not seek $70,000 plus fees; she seeks $42,000 plus fees.  *That* is the "amount in controversy," without regard to the validity of Liberty Mutual's claim that it has already paid its policy limits.

If a plaintiff sued a defendant for failing to pay the last $40,000 due on a promissory note evidencing an initial principal debt of $100,000, this court's diversity jurisdiction could not be invoked, even if the parties were citizens of different states.  If, on the other hand, the plaintiff sought the full $100,000, the validity of the defendant's claim that he had already paid $60,000 would not be considered in determining whether the case was properly removed to District Court.

ORDER                                               2

This case is akin to the former situation, not the latter. Hamilton seeks the difference between the damage suffered and the amounts paid – $42,000. That is the amount in controversy without regard to the validity of any defenses or claimed credits or set-offs. Even considering plaintiff's additional claim for fees, this amount is insufficient to invoke the Court's diversity jurisdiction under 28 U.S.C. §1332.

The Plaintiff's Motion to Remand [Dkt. #9] is therefore GRANTED and this case is REMANDED to the Washington State Superior Court for Clark County. The Court will not award fees on this remand.

The Clerk is directed to send uncertified copies of this Order to all counsel of record. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Clark County Superior Court.

DATED this 23rd day of May, 2006.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER   3